UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

     v.                                        **DECISION AND ORDER**
                                                11-CR-384S

MARC IRWIN KORN,

                                     Defendant.

      1.       Presently before this Court is Defendant's motion to sever Counts 6-9 of the Superseding Indictment, which pertain to his alleged willful failure to pay over payroll taxes to the I.R.S., from the other indictment counts. Rule 8(a) of the Federal Rules of Criminal Procedure provides that joinder is proper when "the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." In the Second Circuit, a "commonsense rule" is applied "to decide whether, in light of the factual overlap among charges, joint proceedings would produce sufficient efficiencies such that joinder is proper notwithstanding the possibility of prejudice to . . . the defendant[] resulting from the joinder." United States v. Shellef, 507 F.3d 82, 98 (2d Cir. 2007); United States v. Turoff, 853 F.2d 1037, 1044 (2d Cir. 1988).

      2.       Defendant argues that joinder is improper here because there is no connection between the alleged willful failure to pay over payroll taxes from Defendant's nursing homes in 2009, as alleged in Counts 6-9, and the 2007 charity and 2008 financing schemes alleged in the remaining counts. " 'Tax counts may be joined with non-tax counts where it is shown that the tax offenses arose directly from the other offenses charged.'" Shellef, 507 F.3d at 98 (quoting Turoff, 853 F.2d at 1043); United States v. Kerik, 615 F.

1

Supp. 2d 256, 274-76 (S.D.N.Y. 2009). "Thus, if a defendant is charged with fraud, the government may prosecute the defendant for fraud and for not paying taxes on the profits produced by the alleged fraud jointly." Shellef, 507 F.3d at 98. In contrast, joinder is inappropriate and prejudicial when the tax counts are not related to the other charges by time, actors, places, or subject matter. Kerik, 615 F. Supp. 2d at 275 (joinder improper where defendant's "alleged conspiracy to defraud New York citizens of his honest services has nothing to do with, for example, his alleged failure to withhold payroll taxes from his nanny").

       3.      The Government does not dispute that the 2009 tax charges did not arise out of the same act or transaction as any of the other offenses alleged, but argues that all of the charges contained in the Superseding Indictment are nonetheless properly joined because they are "logically connected, and are of the same or similar character, and part of [Defendant's] common plan" to "fund a lifestyle well beyond his legitimate means, using whatever source of funds was available at any particular point in time." (Docket Nos. 49 at 22, 128 at 1); see Shellef, 507 F.3d at 98 (in addition to the "character of the funds derived[,] . . . other overlapping facts or issues may" warrant joinder of tax and fraud counts). However, this "broad motif of 'similar kinds of substantially alleged dishonesty' " is insufficient to support joinder. Kerik, 615 F. Supp. 2d at 275-76 (government's characterization of separate charges as "an extensive crime spree" did not establish the similar character of crimes, but instead highlighted potential prejudice from suggestion of defendant's criminal disposition): see United States v. Litwok, 678 F.3d 208, 217 (2d Cir. 2012) (reversal warranted for misjoinder of fraud and tax counts where evidence of tax evasion was used to define defendant as "a cheat, a liar, and a thief" with a propensity to engage in fraudulent activity): United States v. Halper, 590 F.2d 422, 430 (2d Cir. 1978) (rejecting argument that joinder of Medicare fraud scheme and income tax evasion was proper because both schemes were attempts to "personally profit" even where both

2

schemes utilized the defendant's employees); <u>United States v. Bezmalinovic</u>, No. S3 96 CR. 97 MGC, 1996 WL 77037, *3-4 (S.D.N.Y. Dec. 26, 1996) (defendant's "use of his companies to carry out [both the tax and fraud offenses] is not such a unique modus operandi that his crimes should be considered part of a common plan"); <u>see also</u> <u>United States v. Buchanan</u>, 930 F. Supp. 657, 662 (D. Mass. 1996) ("A vague thematic connection among offenses may not support joinder. The government cannot link cases simply by changing the level of abstraction – namely that this case is about an abuse of trust, rather than about two distinct allegedly illegal schemes.") As a result, this Court finds that Government's argument that Defendant had a common scheme or plan to fund a lifestyle beyond his means insufficient to support joinder under Rule 8(a).

4. The Government further argues that joinder is warranted because there is "significant factual overlap and an overlap in the evidence." (Docket No. 128 at 1.) However, no specifics are offered, and the Government's assertion that the charges are temporally linked because "[t]he winding down of one fraud is the motive to undertake the second fraud" serves only to highlight profit as the single connecting element. In fact, there is little in the Government's submissions to call into question the fact that the fraud and tax counts reflect distinct, and therefore factually severable, schemes. Nonetheless, it was intimated in both the Superseding Indictment and the Government's submissions that Defendant willfully failed to pay over payroll taxes in 2009 in order to use those funds for the first payment on the fraudulently obtained 2008 loan in Count 5 (Docket No. 128 at 5-6), inasmuch as the first payment on that loan came due in June 2009. The relevance of Defendant's need to obtain funds for payments on earlier fraudulent financing schemes provides a common factual thread rendering joinder appropriate in this case despite the inherent danger of prejudice that arises from joining multiple offenses in a single indictment. <u>Shellef</u>, 507 F.3d at 98. To that end, in response to this Court's questions at the last status conference, the parties clarified that such payments did subsequently come

due.  Similarly, the Government explained that its ambiguous reference in its submission that Defendant's "attempt to obtain a significant amount of cash from the Fifth Third Bank loan [the 2008 fraud scheme] fell short" referenced Defendant's ability to obtain only part of the funds needed to buy out his business's partner's interest.  (See Docket No. 132 at 2.) Defendant's need to obtain the remainder of those funds provides an additional factual link between the 2008 fraud and the 2009 failure to pay over payroll taxes.

5. Accordingly, Defendant's motion to sever is denied at this time.  It must be noted, however, that the Government's opposition to this motion relied too heavily on the common denominator of a personal profit motive and initially failed to set forth a sufficiently specific factual basis supporting joinder.  This denial is therefore without prejudice to reconsideration if it appears that the evidence to be offered at trial will not support the factual connections discussed above.

IT HEREBY IS ORDERED that Defendant's motion to sever is DENIED without prejudice.

SO ORDERED.

Dated: November 20, 2014
       Buffalo, New York

                                  /s/William M. Skretny
                              WILLIAM M. SKRETNY
                                   Chief Judge
                             United States District Court