UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.  **DECISION AND ORDER**
  11-CR-384S
  15-CR-81S

MARC IRWIN KORN,

                Defendant.

    1.    Presently before this Court are Defendant Marc Korn's Motions for Joinder in the above captioned cases. For the following reasons, Korn's motions are denied.

    2.    Rule 13 of the Federal Rules of Criminal Procedure permits a court to order "that separate cases be tried together as though brought in a single indictment . . . if all offenses and all defendants could have been joined in a single indictment." Multiple offenses are properly charged together when they "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). In the Second Circuit, a "commonsense rule" is applied "to decide whether, in light of the factual overlap among charges, joint proceedings would produce sufficient efficiencies such that joinder is proper notwithstanding the possibility of prejudice to . . . the defendant[] resulting from the joinder." United States v. Shellef, 507 F.3d 82, 98 (2d Cir. 2007); United States v. Turoff, 853 F.2d 1037, 1044 (2d Cir. 1988). Charges may be "connected if one of the offenses depends upon or necessarily leads to the commission of the other, or if proof of one act constitutes or depends upon proof of the other." Shellef, 507 F.3d at 98 (quotation and citation omitted)

3. In 11-CR-384S, Korn is charged in a 10-count superseding indictment. In the first and second counts, Korn is charged with committing wire fraud in violation of 18 U.S.C. § 1343, in connection with a scheme to defraud the American Friends of Assaf Harofeh Medical Center, between about March 2006 and February 2009. In the third and fourth counts, Korn is again charged with committing wire fraud in violation of 18 U.S.C. § 1343, in connection with a scheme to defraud various leasing entities between about August 2007 and July 2009. In the fifth count, Korn is charged with making a false statement to a bank on February 9, 2008, in violation of 18 U.S.C. § 1014. In the sixth, seventh, eighth, and ninth counts, Korn is charged with failing to pay over to the Internal Revenue Service certain FICA taxes that were due and owing in 2009, in violation of 26 U.S.C. § 7202. In the tenth count, Korn is charged with making a false statement to law enforcement on June 8, 2010, in violation of 18 U.S.C. § 1001(a)(2).

4. In 15-CR-81S, Korn is charged in a 3-count indictment. In the first count, he is charged with making a false material statement under oath on or about July 22, 2014, in violation of 18 U.S.C. § 152(2). In the second count, Korn is charged with making a false material declaration on or about July 15, 2014, in violation of 18 U.S.C. § 152(3). In the third count, Korn is charged with fraudulent concealment, in violation of 18 U.S.C. § 152(7). Each of these counts relates to Korn's alleged conduct in his bankruptcy proceedings pending in this district.

5. Korn seeks consolidation of these two cases on the basis that they are "of the same or similar character" in that both cases involve financial crimes and allegations that Korn made false statements, declarations, and misrepresentations. Korn also notes that the charges in both cases involve conduct committed in the Western District of New

York involving certain entities also located in this district. Korn also argues that there is no prejudice to him (because he is requesting joinder) and that the interests of judicial economy weigh in favor of joint trials. He argues that a joint trial will lessen the physical, mental, and financial burdens of trial and will reduce the impact of the trial experience on his poor health and existing medical conditions. Finally, Korn notes that both cases involve a single defendant and that the same defense and prosecution lawyers are involved.

6. The Government opposes Korn's motion. It argues that joinder of 15-CR-81S, which is in its infant stages,[1] would further delay trial-ready 11-CR-384S, which has yet to be tried only because of issues relating to Korn's health and fitness to stand trial. In this regard, joinder will not serve the interests of the public in a speedy trial because it would necessarily delay 11-CR-384S. The government further contends that the common link of both cases involving financial crimes and false statements, declarations, and misrepresentations is too broad to warrant joinder. The government also suggests that 15-CR-81S may involve attorney-representation issues that are not present in 11-CR-384S.[2]

7. Having considered the parties' arguments, this Court will deny Korn's motions to join 11-CR-384S and 15-CR-81S. First, the proffered common link between the two cases that purportedly makes them "of the same or similar character"—that they both involve financial crimes and dishonesty—is too general to warrant joinder under Rule 8(a).

---

[1] Although the Magistrate Judge entered a case-management order, no party filed pretrial motions and it is unclear whether any are contemplated or whether discovery is complete. Rather, it appears that litigation activity in 15-CR-81S has essentially ceased pending resolution of Korn's health issues and their impact on his fitness to stand trial.

[2] The government contends that Korn's son, Adam Korn, may be called as a witness in 15-CR-81S. Adam Korn was previously represented by the same defense lawyers that now represent Korn in both cases, resulting in a possible conflict.

See <u>United States v. Kerik</u>, 615 F. Supp. 2d 256, 274-76 (S.D.N.Y. 2009) (holding that a "broad motiff of similar kinds of substantially alleged dishonesty" is insufficient to support joinder under Rule 8(a)); <u>see also</u> <u>United States v. Bezmalinovic</u>, No. S3 96 Cr. 97, 1996 WL 737037, at *3 (S.D.N.Y. Dec. 26, 1996) (rejecting "broad argument" that joinder was proper under Rule 8(a) because all offenses involved use of fraud to obtain money); <u>United States v. Buchanan</u>, 930 F. Supp. 657, 662 (D. Mass. 1996) ("A vague thematic connection among offenses may not support joinder."). Second, the charges in 11-CR-384S and 15-CR-81S are not factually or temporally related, nor are they dependent on one another. <u>See</u> <u>Shellef</u>, 507 F.3d at 98 (noting that charges may be "connected if one of the offenses depends upon or necessarily leads to the commission of the other, or if proof of one act constitutes or depends upon proof of the other." Third, the fact that both cases charge criminal conduct allegedly committed in the Western District of New York against certain entities located here is hardly surprising or particularly supportive of a finding that the crimes are "of the same or similar character." Finally, this Court finds that whatever physical, mental, and financial efficiencies that may be realized in a single trial are both speculative at this point and outweighed by the delay that would be occasioned in bringing 11-CR-384S to trial, a case that was indicted more than four years ago. For these

reasons, Korn's Motions for Joinder will be denied.

IT HEREBY IS ORDERED, that Defendant's Motions for Joinder (11-CR-384S, Docket No. 251; 15-CR-81S Docket No. 13) are DENIED;

SO ORDERED.

Dated: February 10, 2016
       Buffalo, New York

                                          /s/William M. Skretny
                                          WILLIAM M. SKRETNY
                                          United States District Judge