UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

        v.                                  **DECISION AND ORDER**
                                                         11-CR-384S

MARC IRWIN KORN,

                Defendant.

        1.         Presently before this Court is Defendant Marc Korn's Motion to Dismiss the superseding indictment under Rule 12 of the Federal Rules of Criminal Procedure. He seeks dismissal for the following reasons: (1) selective or vindictive prosecution (Rule 12(b)(3)(A)(iv)); (2) failure to state an offense (Rule 12(b)(3)(B)(v)); (3) lack of specificity (Rule 12(b)(3)(B)(iii)); (4) suppression/withholding of evidence (Rule 12(b)(3)(C)); and (5) discovery violations (Rule 12(b)(3)(E) and Rule 16). For the following reasons, Korn's motion is denied.

        2.         Korn is charged in a 10-count superseding indictment. In the first and second counts, Korn is charged with committing wire fraud in violation of 18 U.S.C. § 1343, in connection with a scheme to defraud the American Friends of Assaf Harofeh Medical Center, between about March 2006 and February 2009. In the third and fourth counts, Korn is again charged with committing wire fraud in violation of 18 U.S.C. § 1343, in connection with a scheme to defraud various leasing entities between about August 2007 and July 2009. In the fifth count, Korn is charged with making a false statement to a bank on February 9, 2008, in violation of 18 U.S.C. § 1014. In the sixth, seventh, eighth, and ninth counts, Korn is charged with failing to pay over to the Internal Revenue Service

certain FICA taxes that were due and owing in 2009, in violation of 26 U.S.C. § 7202. In the tenth count, Korn is charged with making a false statement to law enforcement on June 8, 2010, in violation of 18 U.S.C. § 1001(a)(2).

3. On May 22, 2014, the Magistrate Judge entered a Report, Recommendation, and Order recommending that Korn's Rule 12 pretrial motions be denied. (Docket No. 113.) This Court accepted the Report, Recommendation, and Order by Text Order entered on September 12, 2014. (Docket No. 127.)

4. Pretrial motions were due by October 9, 2012. (Docket No. 40.) Under Rule 12(c)(3), untimely motions are considered only upon a showing of good cause. Here, Korn's motions concerning failure to state an offense and lack of specificity are arguments directed at alleged deficiencies in the superseding indictment. As such, they could and should have been lodged by the motions deadline. No good cause is asserted for why these untimely arguments should now be considered and this Court discerns none. Similarly, Korn's arguments concerning suppression/withholding of evidence and discovery violations either could have been raised earlier or were raised and rejected by the Magistrate Judge. (See Docket No. 113.) As a result of Korn's failure to timely raise these arguments, they are waived. See Rule 12(c)(3); see also Case-Management Order, Docket No. 40 (expressly warning that "[f]ailure by any party to raise defenses or objections, or to make requests which must be made prior to trial or at the time set forth in this scheduling order or prior to any extension made by the court shall constitute a waiver thereof").

5. Korn's request for dismissal of the superseding indictment under Rule 12(b)(3)A)(iv) due to selective or vindictive prosecution is timely because it is based on

allegations of continuing prosecutorial misconduct. As such, the basis of the motion was not "reasonably available" at the time pretrial motions were due. See Rule 12 (b)(3). Korn's request, however, fails on the merits.

6. Korn's request is essentially based on his allegations that the lead prosecutor in this case has a personal vendetta against him. Among other things, Korn alleges that the government improperly interviewed him when he was represented by counsel in a civil matter, orchestrated what he considers his embarrassing arrest in a separate criminal case that was purposely timed just before the Thanksgiving holiday, and denied him access to necessary medications during that arrest. Korn also claims that the government intimidated members of his family, arranged that he be treated unfairly in his bankruptcy proceedings, sabotaged his employment opportunities, and unreasonably refuses to recognize his significant health issues. These allegations are detailed in Korn's motion papers.

7. The government denies Korn's allegations. It first notes that the court has already found, after extensive hearings, that it did not violate the "No-Contact Rule" when it interviewed Korn. (Docket Nos. 113, 127.) It also explains that it strategically decided to arrest Korn in the separate criminal case (rather than arrange voluntary surrender) to prevent the concealment or destruction of evidence. It maintains that Korn's arrest was planned for mid-November, but inclement weather, which forced the closure of the courts and government offices, unavoidably pushed Korn's arrest into Thanksgiving week. The government also flatly denies that it denied Korn access to his medication during his arrest or in any way intervened in his bankruptcy proceedings. In addition, the government maintains that its investigation of the case through witness interviews (including Korn's son

and employer) does not constitute intimidation or sabotage, but rather, reflects the use of regular investigatory measures. Finally, the government reiterates its request for an immediate trial on the basis that Korn has failed to demonstrate that his health conditions prevent him from assisting in his defense, such that this trial should be further delayed.[1]

8. Under Rule 12(b)(3)(A), an indictment may be dismissed due to a defect in instituting the prosecution, such as selective or vindictive prosecution. There is, however, a "presumption of regularity" that attaches to prosecutors and their prosecutorial decisions: "because the United States Attorneys are charged with taking care that the laws are faithfully executed, there is a 'presumption of regularity supporting their prosecutorial decisions and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties.'" United States v. Sanchez, 517 F.3d 651, 671 (2d Cir. 2008)(alteration omitted) (quoting United States v. Armstrong, 517 U.S. 456, 464, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996)).

9. Nonetheless, "an indictment will be dismissed if there is a finding of actual vindictiveness, or if there is a presumption of vindictiveness[2] that has not been rebutted by objective evidence justifying the prosecutor's actions." United States v. Johnson, 171 F.3d 139, 140 (2d Cir. 1999). To show actual vindictiveness, "the defendant must show that (1) the prosecutor harbored genuine animus toward the defendant, or was prevailed upon to bring the charges by another with animus such that the prosecutor could be considered a

---

[1] The government's request for an immediate trial in the context of this motion will be denied. This Court will resolve the scheduling of trial in this matter by separate Decision and Order.

[2] Because this presumption does not attach pretrial, it does not apply here. See United States v. Stewart, 590 F.3d 93, 122 (2d Cir. 2009) (noting that the Second Circuit has "consistently adhered to the principle that the presumption of prosecutorial vindictiveness does not exist in a pretrial setting).

'stalking horse,' and (2) the defendant *would not have been prosecuted except for the animus*." United States v. Bout, 731 F.3d 233, 238 (2d Cir. 2013) (emphasis in original) (citing United States v. Sanders, 211 F.3d 711, 717 (2d Cir. 2000). Animus is found where "a prosecutor's charging decision is a direct and unjustifiable penalty that resulted solely from the defendant's exercise of a protected legal right." United States v. Stewart, 590 F.3d 93, 123 (2d Cir. 2009).

10.   Having reviewed Korn's motion and the allegations therein, this Court finds that he has failed to meet the high standard required for dismissal of an indictment based on selective or vindictive prosecution. See Bout, 731 F.3d at 239. Korn has not presented "clear evidence" of selective or vindictive prosecution. Sanchez, 517 F.3d at 671. First, the government correctly notes that this Court has already determined that it did not violate the "No-Contact Rule" when it interviewed Korn while he was represented in a civil matter. (Docket Nos. 113, 127.) Second, even assuming the truth of Korn's allegations that the government (1) denied him voluntary surrender, (2) timed his arrest to interfere with a holiday, and (3) inconvenienced his son and contacted his employer during the course of the investigation, none of these support a finding of vindictiveness. Rather, a prosecutor's "enthusiastic or energetic pursuit" of a defendant "does not demonstrate vindictive or even inappropriate, government conduct." Bout, 731 F.3d at 239 (citing Sanders, 211 F.3d at 718 (holding that an "aggressive investigation" in response to a "potential [criminal] violation . . . cannot give rise to an inference of impropriety"). Third, Korn has provided no clear evidence that the government denied him his medications during his arrest or that it somehow intervened in his bankruptcy proceedings to his detriment. Finally, the fact that

the government may dispute the seriousness of Korn's health condition does not support a finding of "actual vindictiveness" or even an inference thereof.

11. Consequently, this Court finds that Korn has failed to rebut the "presumption of regularity" that attaches to prosecutors and their prosecutorial decisions with clear evidence of actual vindictiveness. See Sanchez, 517 F.3d at 671; Johnson, 171 F.3d at 140. Korn has demonstrated neither that the prosecutor harbors genuine animus toward him nor that he would not have been prosecuted but for the alleged animus. Bout, 731 F.3d at 238. Korn's motion to dismiss the superseding indictment will therefore be denied.

IT HEREBY IS ORDERED, that Defendant's Motion to Dismiss the Superseding Indictment (Docket No. 252) is DENIED.

FURTHER, the government's Motion to Set an Immediate Trial Date (Docket No. 261) is DENIED.

SO ORDERED.

Dated: February 10, 2016
       Buffalo, New York

    /s/William M. Skretny
    WILLIAM M. SKRETNY
    United States District Judge