UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARC IRWIN KORN,

                Petitioner,

v.                                        **DECISION AND ORDER**
                                                          19-CV-615S

UNITED STATES OF AMERICA,              11-CR-384S

                Respondent.

## I. INTRODUCTION

Presently before this Court is Petitioner Marc Irwin Korn's Motion to Vacate, Set Aside, or Correct his Sentence ("Motion to Vacate") under 28 U.S.C. § 2255. (Docket No. 409.[1]) For the reasons discussed below, Korn's motion is denied.

## II. BACKGROUND

On November 9, 2018, Korn appeared before this Court and pleaded guilty to a 2-count superseding misdemeanor information, which charged him with violating 18 U.S.C. § 2113 (b) (bank theft) and 26 U.S.C. § 7203 (willful failure to pay tax). (See Docket Nos. 372, 373.) Korn pleaded guilty with the benefit of a plea agreement, in which he agreed that his maximum possible sentence by statute for each count was a term of imprisonment of 1 year, a fine of $100,000, a mandatory $25 special assessment, and a term of supervised release of 1 year. (Plea Agreement, Docket No. 372, ¶ 1.) Korn further agreed that for purposes of the Sentencing Guidelines, he had a total offense level of 21 and a criminal history category of I, which resulted in a Guidelines sentencing range of 24 months' imprisonment, a fine of $7,500 to $75,000, and a term of supervised release

---

[1] Unless otherwise noted, all docket citations are to the criminal case, 11-CR-384S.

1

of 1 year.  (Plea Agreement, ¶¶ 5-17.)

Korn also acknowledged and waived his rights to appeal and collaterally attack his guilty plea and sentence under certain circumstances as follows:

> The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.  The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 15 [the Sentencing Guidelines calculations], above, notwithstanding the manner in which the Court determines the sentence.  In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.  The defendant further agrees not to appeal restitution orders which do not exceed the total amounts set forth in Section VI [the restitution and financial penalty provisions] of this agreement.
>
> The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

(Plea Agreement, ¶¶ 42, 43.)

Korn further acknowledged that he had a full opportunity to discuss the terms of the plea agreement with his lawyer, that he understood all of the consequences of his guilty plea, that he fully agreed with the contents of the plea agreement, and that he was entering the plea agreement voluntarily and of his own free will.  (Plea Agreement, p. 20.)

On April 3, 2019, this Court sentenced Korn to 12 months' imprisonment on Count 1 and 6 months' imprisonment on Count 2 to run consecutively, no fine, 1 year of supervised release on each count to run concurrently, and a $25 special assessment on each count.  (Docket Nos. 399, 401.)  At Korn's request, this Court also *recommended*

that he serve his sentence at a U.S. Bureau of Prisons medical facility.[2]  (Docket No. 399.) Korn thereafter filed a Notice of Appeal concerning only his sentence on April 22, 2019.[3] (Docket No. 403.)

On April 17, 2019, the U.S. Bureau of Prisons directed Korn to report to Butner Medium I Satellite Prison Camp on May 15, 2019, to begin serving his sentence.  (Motion to Vacate, Docket No. 409, p. 13.)  Three weeks later, on May 8, 2019, Korn filed the instant Motion to Vacate, Set Aside, or Correct his Sentence.[4]  (Docket No. 409.)  After full briefing (Docket Nos. 409, 412, 413), this Court took the motion under advisement without oral argument.

### III. DISCUSSION

**A.    § 2255 Proceedings**

Twenty-eight U.S.C. § 2255 allows federal prisoners to challenge the legality of their sentences.  That section provides, in pertinent part, that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is

---

[2] In his Motion to Vacate, Korn represents that "this Court granted Defendant Korn's motion to serve any sentence of imprisonment in a Federal Bureau of Prison's Medical Facility." (Declaration of Corey J. Hogan, Esq. ("Hogan Decl."), Docket No. 409, ¶ 10.)  This is not correct.  Korn requested that this Court *recommend* that he serve his sentence in a medical facility, which this Court granted.  See Docket No. 383, p. 13-14 (". . . we respectfully ask this Court to *recommend* . . . that he be placed at a BOP Medical Referral Center.") (emphasis added).  This Court has no authority to direct the Bureau of Prisons to make particular facility designations.  See 18 U.S.C. § 3621 (b); United States v. Pineyro, 112 F.3d 43, 45 (2d Cir. 1997.)

[3] The filing of the Notice of Appeal alone does not bar Korn's motion because "there is no jurisdictional bar to a district court's adjudication of a § 2255 motion during the pendency of a direct appeal." United States v. Outen, 286 F.3d 622, 632 (2d Cir. 2002).  And while district courts generally dismiss § 2255 motions as premature when a direct appeal is pending, see Castillo v. United States, 17-CV-762, 17-CV-2134, 16-CR-368, 2017 WL 2297016, at *2 (S.D.N.Y. May 24, 2017), this Court will entertain Korn's motion given the exigencies involved.

[4] Because Korn's motion discusses his medical conditions at length, this Court permitted it to be filed under seal.  (Docket No. 411.)

> otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 (a).

Importantly, a § 2255 motion is not a substitute for an appeal. See Bousley v. United States, 523 U.S. 614, 621, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998) ("Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'") (quoting Reed v. Farley, 512 U.S. 339, 354, 114 S. Ct. 2291, 2300, 129 L. Ed. 2d 277 (1994)). Relief under § 2255 is therefore narrowly limited, with collateral attack on a final criminal judgment available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of justice." Graziano v. United States, 83 F.3d 587, 589-90 (2d Cir. 1996) (per curiam) (quoting United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (internal quotation marks omitted)). This narrow limitation preserves respect for finality, allows for the efficient allocation of judicial resources, and recognizes an aversion to retrying issues long after they occur. See Bokun, 73 F.3d at 12 (citations omitted).

To shape the narrow relief available under § 2255, two procedural rules apply to make it more difficult for a defendant to upset a final criminal judgment on collateral review. See Yick Man Mui v. United States, 614 F.3d 50, 53 (2d Cir. 2010). First, the "mandate rule" bars re-litigation of issues already decided on direct appeal. See id.; see also Burrell v. United States, 467 F.3d 160, 165 (2d Cir. 2006); United States v. Perez, 129 F.3d 255, 260 (2d Cir. 1997) ("[I]t is well-established that issues decided on direct appeal may not be re-litigated in the context of a petition under § 2255.") This includes "not only . . . matters expressly decided by the appellate court, but also . . . re-litigation of

issues impliedly resolved by the appellate court's mandate." Yick Man Mui, 614 F.3d at 53 (citing United States v. Ben Zvi, 242 F.3d 89, 95 (2d Cir. 2001)). This rule also bars ineffective-assistance-of-counsel claims that were raised and resolved on direct appeal, as well as those involving factual predicates that while not explicitly raised on direct appeal, were impliedly rejected by the appellate court mandate. See id. at 53-54 (citations omitted). An exception to this rule exists for cases involving intervening changes in the law, in which case the petitioner "must show that there is new law which, when applied to their claims, would result in a different disposition." Chin v. United States, 622 F.2d 1090, 1092 (2d Cir. 1980) ("Reconsideration [of claims previously raised on direct appeal] is permitted only where there has been an intervening change in the law and the new law would have exonerated a defendant had it been in force before the conviction was affirmed on direct appeal.") (citing United States v. Loschiavo, 531 F.2d 659, 664 (2d Cir. 1976)).

Second, the "procedural default" rule bars the collateral review of claims that could have been raised on direct appeal, unless the petitioner shows cause for failing to raise the claims on direct review and actual "prejudice" or actual innocence. See Bousley, 523 U.S. at 622-23 (citations omitted); see also Marone v. United States, 10 F.3d 65, 67 (2d Cir. 1993) ("In order to raise a claim that could have been raised on direct appeal, a § 2255 petitioner must show cause for failing to raise the claim at the appropriate time and prejudice from the alleged error.") This rule does not apply to ineffective-assistance-of-counsel claims, which may be brought in a § 2255 motion regardless of whether they could have been raised, or were raised, on direct appeal. See Massaro v. United States, 538 U.S. 500, 508-09, 123 S. Ct. 1690, 1696, 155 L. Ed. 2d 714 (2003).

Discovery in § 2255 proceedings is governed by Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Leave of court is required to engage in discovery, which may be granted for good cause. See Rule 6 (a). Such discovery is conducted under the Federal Rules of Criminal or Civil Procedure, or "in accordance with the practices and principles of law."[5] Id. The party requesting discovery must provide reasons for the request, which must "include any proposed interrogatories and requests for admission, and must specify any requested documents." Rule 6 (b).

A petitioner may also be entitled to an evidentiary hearing. Section 2255 provides that a court shall hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." To determine whether a hearing is necessary, the court "must review the answer, any transcripts and records of prior proceedings, and any [additional materials submitted by the parties]." Rule 8 (a). If a hearing is necessary, the court must appoint an attorney to any moving party who qualifies for the appointment of counsel under 18 U.S.C. § 3006A. See Rule 8 (c). A hearing is generally warranted only where the petitioner establishes a plausible claim. See Puglisi v. United States, 586 F.3d 209, 213 (2d Cir. 2009).

The Second Circuit has further described the standard for holding a § 2255 evidentiary hearing as follows:

> In ruling on a motion under § 2255, the district court is required to hold a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; see, e.g., Pham v. United States, 317 F.3d 178, 185 (2d Cir. 2003) (§ 2255 does not permit summary dismissals of motions that present facially valid claims). However, the filing of a motion pursuant to § 2255 does not automatically entitle the movant to a hearing; that

---

[5] "If necessary for effective discovery, the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Rule 6 (a).

6

> section does not imply that there must be a hearing where the allegations are "vague, conclusory, or palpably incredible." Machibroda v. United States, 368 U.S. 487, 495, 82 S. Ct. 510, 7 L. Ed. 2d 473 (1962); see, e.g., Chang v. United States, 250 F.3d 79, 85 (2d Cir. 2001). To warrant a hearing, the motion must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle him to relief. See, e.g., Machibroda, 368 U.S at 494, 82 S. Ct. 510; United States v. Aiello, 814 F.2d 109, 113-14 (2d Cir. 1987).

Gonzalez v. United States, 722 F.3d 118, 130-31 (2d Cir. 2013).

Finally, waiver principles also apply. It is by now well established that a knowing and voluntary waiver made as part of a plea agreement is presumptively and generally enforceable. See Sanford v. United States, 841 F.3d 578, 580 (2d Cir. 2016) (per curiam); see also United States v. Riggi, 649 F.3d 143, 147 (2d Cir. 2011); United States v. Hernandez, 242 F.3d 110, 113 (2d Cir. 2001). "An enforceable waiver bars claims based on grounds that arose after, as well as before, the [plea] agreement was signed." Muniz v. United States, 360 F. Supp. 2d 574, 577 (S.D.N.Y. 2005). Thus, "[i]n no circumstance . . . may a [petitioner] who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement. Such a remedy would render the plea bargaining process and the resulting agreement meaningless." United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir. 1993). Waivers, however, are strictly construed against the government due to its greater bargaining power and because it usually drafts the plea agreement. See Yushuvayev v. United States, 532 F. Supp. 2d 455, 468 (E.D.N.Y. 2008).

There are, however, narrow exceptions to the general enforceability of waivers, including:

> (1) when the waiver was not made knowingly, voluntarily, and

7

> competently, (2) when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, (3) when the government breached the plea agreement, or (4) when the sentencing court failed to enunciate any rationale for the defendant's sentence, thus amounting to an abdication of judicial responsibility subject to mandamus.

Sanford, 841 F.3d at 580 (quoting United States v. Gomez-Perez, 215 F.3d 315, 319 (2d Cir. 2000)).

To determine whether a waiver is enforceable, courts examine the underlying record and may rely on a defendant's sworn statements during the plea allocution, see Salerno v. Berbary, 389 F. Supp. 2d 480, 484 (W.D.N.Y. 2005), which statements "carr[y] such a strong presumption of accuracy that a district court does not, absent a substantial reason to find otherwise, abuse its discretion in discrediting later self-serving and contradictory testimony," United States v. Juncal, 245 F.3d 166, 171 (2d Cir. 2001). But even "a waiver of appellate or collateral attack rights does not foreclose an attack on the validity of the process by which a waiver has been procured," such as a plea agreement. Frederick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 195 (2d Cir. 2002). A waiver may thus be unenforceable if the petitioner has a meritorious claim that it was procured as the result of ineffective assistance of counsel. See United States v. Monzon, 359 F.3d 110, 118-19 (2d Cir. 2004). Ineffective-assistance-of-counsel claims involving post-plea events, however, do not survive the waiver. See United States v. Laskaris, No. 11-CR-364, 16-CV-7207, 2018 WL 4863591, at *2 (E.D.N.Y. Sept. 28, 2018) (collecting cases).

Relatedly, the valid entry of a guilty plea "conclusively resolves the question of factual guilt supporting the conviction, thereby rendering any antecedent constitutional violation bearing on factual guilt a non-issue." United States v. Gregg, 463 F.3d 160, 164

(2d Cir. 2006); see Tollett v. Henderson, 411 U.S. 258, 267, 93 S. Ct. 1602, 1608, 36 L. Ed. 2d 235 (1973) (noting that if a defendant validly admits guilt, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea").

Ultimately, the petitioner bears the burden of proving entitlement to relief under § 2255 by a preponderance of the evidence. See Galviz Zapata v. United States, 431 F.3d 395, 399 (2d Cir. 2005) (citing Williams v. United States, 481 F.2d 339, 346 (2d Cir. 1973)); see also Triana v. United States, 205 F.3d 36, 30 (2d Cir. 2000).

**B.      Korn's Motion to Vacate**

Korn is clearly displeased that the Bureau of Prisons directed him to initially report to Butner Medium I Satellite Prison Camp rather than directly to a federal medical center. It should be noted, however, that the Bureau of Prisons' complex at Butner includes the Butner Federal Medical Center. Nonetheless, to avoid or undo his initial designation, Korn moves under § 2255 for a reduction in his sentence to a term of home detention under the policy statement in § 5H1.4 of the United States Sentencing Guidelines pertaining to physical condition. (Hogan Decl., ¶¶ 13-54.) In support, he again relies on his failing health, which this Court fully discussed and considered at the time it imposed sentence just over a month ago. For several reasons, Korn's motion must be denied.

First, Korn's motion is barred by the waiver provision of his plea agreement. As indicated above, Korn waived his right to appeal and collaterally attack his guilty plea and sentencing if this Court sentenced him within or less than the sentencing range for imprisonment, which it did. Such waivers are presumptively and generally enforceable. See Sanford, 841 F.3d at 580. And here, Korn does not assert any of the exceptions to

9

the enforceability of his waiver, such as that it was not made knowingly, voluntarily, and competently; that his sentence was unconstitutional; that the government breached the plea agreement; or that this Court failed to adequately explain his sentence. See id. Nor does Korn maintain that his plea or waiver was the result of ineffective assistance of counsel. See United States v. Monzon, 359 F.3d 110, 118-19 (2d Cir. 2004). Accordingly, the waiver provisions of Korn's plea agreement bar his motion.

Second, even if the waiver provisions did not bar Korn's motion, it would still fail. Relief under § 2255 is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of justice." Graziano, 83 F.3d at 589-90 (quoting Bokun, 73 F.3d at 12) (internal quotation marks omitted)). Korn does not allege any of these grounds in his Motion to Vacate. Rather, Korn clearly seeks a modification of an imposed term of imprisonment—a downward departure under § 5H1.4 of U.S.S.G. to a term of home detention based on his physical condition. See 18 U.S.C. § 3582 (c). While this could arguably be construed as a request to modify sentence due to extraordinary and compelling reasons under § 3582 (c)(1)(A)(i), Korn has not fulfilled the administrative exhaustion requirements of that statute. See 18 U.S.C. § 3582 (c)(1)(A) (requiring exhaustion of all administrative appeal rights within the Bureau of Prisons). Finally, to the extent Korn contends that this Court erred by not *sua sponte* applying a downward departure under § 5H1.4—Korn did not request one—that is an issue for direct appeal. See United States v. Dukes, 727 F.2d 34, 41 (2d Cir. 1984) ("a collateral attack under § 2255 is not a substitute for a direct appeal and petitioners are generally required to exhaust direct appeal before bringing a petition under § 2255"). Consequently, no relief

is presently available under § 2255 or § 3582 (c).

Third, Korn cannot employ § 2255 as an end-run around the Bureau of Prisons' exclusive discretion to make facility designations. To the extent Korn seeks an Order from this Court compelling the Bureau of Prisons to initially designate him to a federal medical facility, which, short of a modified sentence to home detention is quite clearly his ultimate goal, this Court lacks the authority to grant such a request. Rather, the Bureau of Prisons has exclusive authority to designate facilities. See 18 U.S.C. § 3621 (b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court."); see also Pineyro, 112 F.3d at 45.

Accordingly, for all of these reasons, Korn's § 2255 Motion to Vacate must be denied.

## C. Certificate of Appealability

For a certificate of appealability to issue, a petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2). To make the required "substantial showing," Korn must establish that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Rhagi v. Artuz, 309 F.3d 103, 106 (2d Cir. 2002) (per curiam) (citations and internal quotation marks omitted). Korn has made no such substantial showing of the denial of a constitutional right in this case. A certificate of appealability will therefore not be issued.

## IV. CONCLUSION

For the reasons stated above, Korn's Motion to Vacate, Set Aside or Correct his Sentence is denied. He must surrender to the Bureau of Prisons on May 15, 2019, as

11

directed, to begin serving his sentence.

## V. ORDERS

IT HEREBY IS ORDERED, that Petitioner's Motion to Vacate, Set Aside or Correct his Sentence and Conviction under 28 U.S.C. § 2255 (Docket No. 409) is DENIED.

FURTHER, that a Certificate of Appealability under 28 U.S.C. § 2253 is DENIED.

FURTHER, that Defendant Korn must surrender to the Bureau of Prisons on May 15, 2019, as directed, to begin serving his sentence.

FURTHER, that the Clerk of Court is directed to CLOSE 19-CV-615S.

SO ORDERED.

Dated:   May 13, 2019
         Buffalo, New York

                                          /s/William M. Skretny
                                          WILLIAM M. SKRETNY
                                          United States District Judge